UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| FRANKI MAYER, | ) | CIV. 08-5051-KES |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | MOTION FOR REVERSAL AND |
| MICHAEL J. ASTRUE, | ) | REMAND AND DENYING |
| Commissioner, Social Security Administration, | ) | MOTION TO GRANT BENEFITS |
| | ) | |
| Defendant. | ) | |

Plaintiff, Franki Mayer, appeals from the Administrative Law Judge's (ALJ) denial of her disability benefits. Defendant, Michael J. Astrue, Commissioner of Social Security (the Commissioner), requests that the court enter a judgment with remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Mayer contends that the court is without the power to remand under sentence four absent a substantive ruling in the case and moves the court to make a substantive ruling in favor of reversal and remand and order an immediate payment of benefits based on the present state of the administrative record. This court reverses the Administrative Law Judge's dismissal and remands for further proceedings. Additionally, this court denies Mayer's motion for an immediate award of benefits.

**PROCEDURAL BACKGROUND**

I.  **Application Overview**

Mayer filed for disability insurance benefits multiple times. For the sake of simplicity, this opinion will refer to these applications by number. On April 24, 1995, Mayer filed Application #1 with an alleged onset date of December 24, 1994. AR at 523. She later amended her onset date through her counsel to August 20, 1997. Id. On October 31, 1997, the ALJ issued an order denying Application #1, and the Appeals Council denied review on April 23, 1998. Id. On September 24, 1998, this court upheld the ALJ's denial. See Mayer v. Apfel, 5:98-cv-05052-RHB. On July 26, 1999, the United States Court of Appeals for the Eighth Circuit upheld the ALJ's denial. See Mayer v. Apfel, 187 F.3d 642 (8th Cir. 1999).

While Application #1 was pending before this court, Mayer filed Application #2 on June 12, 1998, with an alleged onset date of January 1, 1997. AR at 523. At a July 21, 1999, hearing, Mayer amended the onset date because the ALJ had jurisdiction commencing on November 1, 1997, which was the day after the ALJ's denial of the Application #1. Id. On December 2, 1999, the ALJ denied Mayer's Application #2. Id. Mayer appealed this denial, and the Appeals Council denied review on February 8, 2000. Id. Mayer then appealed to this court, which reversed the ALJ's denial on October 23, 2003, and remanded the case to the ALJ for further consideration. Id. The ALJ

dismissed the remanded case on May 19, 2002, three days before the scheduled hearing, and Mayer again appealed to this court for judicial review of the dismissal.

Finally, on October 27, 2000, Mayer filed Application #3, again alleging an onset date of January 1, 1997. Id. At a hearing before the ALJ on December 11, 2002, Mayer amended her onset date to December 2, 1999, pursuant to the recommendations of a Social Security employee because the ALJ had denied her previous application on that date. Id. At a January 24, 2003, hearing, the ALJ concluded that Mayer had been disabled since December 3, 1999, but not prior to that date.[1] Stipulation, Docket 12-2 at 5.

This opinion addresses the ALJ's dismissal of Mayer's claim regarding Application #2 and the impact that the alleged onset date in Application #3 had on the ALJ's dismissal.

---

[1] Although the ALJ stated in his opinion that Mayer was not disabled prior to December 3, 1999, the scope of his decision is limited to the period between the onset date stated in Mayer's Application #3 and the date of his decision on January 24, 2003. In his decision approving Mayer's Application #3, the ALJ found that Mayer had been disabled "since December 3, 1999, and not prior to that date. That is, it has already been decided that the claimant was not disabled January 1, 1997, and continuing through December 2, 1999." But the record indicates that at the time, the ALJ was unaware that the 1999 decision appeal for Application #2 was pending in federal court. Because the court remanded Application #2 to the Commissioner, contrary to the first paragraphs of the Appeals Council's decision, it was *not* finally decided that the claimant was not disabled between January 1, 1997, and December 2, 1999. Mayer's disability status before December 3, 1999, was not a part of the relevant issue of that hearing and was beyond the scope of that decision.

## II.     Applications at Issue

Mayer filed Application #2 for disability insurance benefits on June 12, 1998.  AR at 523.  She alleged an onset date of disability of January 1, 1997, at first, but she amended her onset date to November 1, 1997, at the administrative hearing.  AR at 535-36.  As mentioned above, Application #2 was denied both initially and a second time upon reconsideration.  AR at 536. At Mayer's request, a hearing took place on July 21, 1999, before an ALJ, and both Mayer and her attorney attended the hearing.  Id.  The ALJ issued an unfavorable opinion on December 2, 1999, and found Mayer not disabled because she retained the residual functional capacity to perform all exertional levels of work.  Id.  Mayer appealed this decision to the Social Security Appeals Council, and on July 25, 2002, the Appeals Council declined Mayer's request for review.  Id.  Mayer then sought judicial review of the decision from this court.

While Mayer's appeal of the 1999 decision was pending with the Appeals Council and later the court, Mayer filed Application #3 on October 27, 2000, with an alleged onset date of January 1, 1997.  AR at 643.  On October 28, 2000, a Social Security field worker, Scott Weischedel, conducted a teleclaim interview with Mayer in which he recommended amending the onset date for Application #3 to December 3, 1999.  Weischedel explained that the "prior ALJ denial made December 2, 1999 and prior claim is currently pending at the

Appeals Council. My onset recommendation is limited to day after the day of previous ALJ decision = 12/3/99." AR at 669. At the time, Mayer's Application #2, which concerned the period of November 1, 1997, to December 2, 1999, was pending at the Appeals Council. Id.

Mayer filed Application #3 with an amended onset date of December 2, 1999, but these claims were also denied at the initial and reconsideration stages. Stipulation, Docket 12-2 at 4. On November 20, 2002, Mayer's counsel sent a letter to the ALJ in preparation for a hearing regarding Application #3. AR at 696. In this letter, Mayer's counsel informed the ALJ that Mayer had re-applied for benefits following a denial of Application #2 on August 20, 1997. AR at 696. Mayer's counsel also informed the ALJ that the Appeals Council found no basis for granting review for the 1999 unfavorable decision for Application #2 on July 25, 2002, and that Mayer had appealed the issue to the district court. Id.

At the Social Security hearing on December 12, 2002, the following discussion took place on the record regarding Mayer's alleged onset date:

> ALJ: . . . And I understand that the Claimant wants to change her alleged onset date. Would that be correct?
>
> ATTY: That's correct.
>
> ALJ: And she wishes to change that to 12/2/99?

>       ATTY: That's correct.

AR at 1097.

On January 24, 2003, the ALJ issued a partially favorable decision on Application #3 finding that Mayer was entitled to disability benefits commencing December 2, 1999. Stipulation of Counsel, Docket 12-2 at 6. The ALJ mentioned his previous unfavorable decision for Application #2 on December 2, 1999, and wrote that the Appeals Council had found no cause for review of that decision. Id. The Appeals Council had declined review of Application #2 on July 25, 2002. AR at 536. The ALJ found "it has already been decided that the claimant was not under a disability at any time January 1, 1997, and continuing, through December 2, 1999." Stipulation of Counsel, Docket 12-2 at 5.

In an Order of Remand in 2003, the court reversed the 1999 ALJ finding in relation to Application #2, which was that Mayer was not disabled between her alleged onset date of November 1, 1997, and December 2, 1999. AR at 547. The court held that the decision should be remanded for three reasons. First, the court determined that the Commissioner's decision was not supported by substantial evidence because the ALJ's hypothetical did not precisely describe Mayer's impairments so that the vocational expert could assess whether jobs exist for the claimant. AR at 545. Second, the court found the ALJ erred by failing to properly evaluate the opinions of Mayer's treating physician and to

give good reasons for the particular weight to be given to the treating physician's evaluation.  Id.  Third, the court decided that new evidence provided to the Appeals Council suggested that the ALJ's decision was not supported by substantial evidence.  AR at 547.  Therefore, the court found that the 1999 decision to deny benefits was erroneous as a matter of law and remanded for further proceedings consistent with its order.  Id.

In response to the 2003 remand, the Social Security Administration Appeals Council remanded the case relating to Application #2 to an ALJ under the fourth sentence of § 205(g) of the Social Security Act for further proceedings consistent with this court's order.  AR at 550.  On February 7, 2005, the Appeals Council ordered that "the Administrative Law Judge will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision."  Id.

Over a year later on April 27, 2006, the Social Security Administration notified Mayer that her remand hearing for Application #2 was scheduled for May 23, 2006.  AR at 561.  On May 15, 2006, Mayer's attorney wrote a letter to the ALJ saying, "the issue in this case is whether Mayer was disabled from her alleged onset date of January 1, 1997 through December 2, 1999 (when she was found to be disabled in the Decision dated January 24, 2003)." AR at 626.  Mayer's counsel alleged that this was the only time period in dispute because

7

Mayer had already been determined to be entitled to disability benefits commencing on December 2, 1999. Id.

### III. ALJ Dismissal

On May 19, 2006, four days before the scheduled hearing regarding the Application #2 remand, the ALJ issued an Order of Dismissal, canceling the May 23, 2006, hearing and dismissing the case. In this order, the ALJ set out the history listed above but stated that because at the December 11, 2002, hearing Mayer had stipulated that her onset date was December 2, 1999, not January 1, 1997, "[c]laimant and her attorney have explicitly admitted that she was not disabled before December 2, 1999." AR at 524. The ALJ deemed that the amended onset date constituted an admission by Mayer that she was not disabled before December 2, 1999. Id. The ALJ explained that Mayer was barred from alleging disability before December 2, 1999, unless she appealed the January 24, 2003, ALJ decision finding Mayer was disabled on and after December 2, 1999, but not prior to that date. Id. Subsequently, on June 3, 2008, Mayer filed a complaint seeking a reversal of the Commissioner's judgment, remand, and attorney's fees. The only issue on appeal is whether Mayer is entitled to benefits for the time period of November 7, 1997, to December 2, 1999.

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. See 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind might find it adequate to support the conclusion. See Fines v. Apfel, 149 F.3d 893 (8th Cir. 1998). See also Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995); Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Review by this court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. See Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

The court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to re-weigh the evidence or try the issues de novo. See Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993). See also Smith v. Shalala, 987 F.2d

9

1371, 1374 (8th Cir. 1993).  The court must review the Commissioner's decision to determine if an error of law has been committed.  See Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983).  The Commissioner's conclusions of law are only persuasive, not binding, on the reviewing court.  See Smith v. Sullivan, 982 F.2d at 311; Satterfield v. Mathews, 483 F. Supp. 20, 22 (E.D. Ark. 1979), aff'd per curiam, 615 F.2d 1288, 1289 (8th Cir. 1980).  If the ALJ's decision is supported by substantial evidence, then this court cannot reverse the decision of the ALJ even if the court would have decided it differently.  See Smith v. Shalala, 987 F.2d at 1374.

## DISCUSSION

Mayer contends that the ALJ's dismissal of Application #2 is erroneous because the dismissal violates federal jurisdiction concepts and Social Security regulations when separate applications are pending appeal in court. Additionally, Mayer claims that the ALJ's dismissal violates Social Security Regulation 20 C.F.R. § 404.957, which provides that a request for hearing may only be dismissed in certain limited circumstances, none of which are present here.  Mayer contends that the amended onset date on Application #2 should not prevent the ALJ from fulfilling the remand requirements. Lastly, Mayer also contends that the evidence of the case as it currently stands supports an immediate award of benefits.

**I.     Amending an Onset Date to Meet Social Security Regulations**

The ALJ based his dismissal on the understanding that a Social Security application's onset date constitutes an explicit admission of not being disabled before that date. The dismissal references only the procedural history of Mayer's claims in its discussion, indicating that other evidence from Mayer's medical records did not factor into his decision.  Therefore, the issue before the court is whether an applicant's amended onset date for a separate Social Security application may constitute substantial evidence in support of the ALJ's decision.

Where a claimant amends a disability onset date to comport with Social Security Administration regulations, the statement may serve as evidence of the claimant's onset date but does not serve as a binding judicial admission. See Dilallo v. One Beacon Am. Ins. Co., No. 4:06CV1688 HEA, 2007 U.S. Dist. LEXIS 16992, at *5-6 (E.D. Mo. Mar. 9, 2007).  But the fact that the statement was made may be used as evidence of the onset date in later proceedings.  Id.

The Social Security Administration's Program Operations Manual (POMS) § GNO3106.090(A) states in pertinent part:

> An individual may file a new disability application while an appeal of a prior disability claim is pending in Court . . . A new title to disability application, regardless of the title of the prior pending claim, should be adjudicated on the merits unless it merely duplicates the prior claim.

https://secure.ssa.gov/apps10/poms.nsf/lnx/0203106090!opendocument.

Additionally, the POMS § GNO3106.095(A) provides:

> While an individual has a pending Court case on a prior disability application, adjudicative action cannot be taken on the new disability application for the period already considered in the final decision of the Commissioner that is before the court. Therefore, the date of entitlement/eligibility (DOE) and the date of onset for disability claims on a new application cannot be established before the end of the period previously considered on the prior claim.

https://secure.ssa.gov/apps10/poms.nsf/lnx/0203106095!opendocument.

The POMS § GNO3106.095(B) further states that:

> If the new Title II disability application is allowed, the disability onset date cannot be earlier than one day after the date of the final decision of the Commissioner on the prior application; and the date of the final decision of the Commissioner is the date of the ALJ decision if the AC (Appeals Council) denied review.

https://secure.ssa.gov/apps10/poms.nsf/lnx/0203106095!opendocument.

Here, Mayer's onset date was amended in order to make her application consistent with Social Security regulations and is not legally binding. As mentioned above, Mayer adjusted her onset date at the recommendation of Social Security employee Weischedel on October 28, 2000. AR at 669. Weischedel recommended an onset date of December 3, 1999, the day after the ALJ issued an unfavorable decision for Mayer's Application #2.[2] Id.

---

[2] The court notes that although a Social Security employee suggested that Mayer amend her onset date to December 3, 1999, Mayer amended her onset date to December 2, 1999–a date that does not meet POMS § GNO3106.095(A). But the ALJ writing the favorable decision for Application #3 correctly identified that the earliest date of disability he could find was December 3, 1999, based

12

Weischedel's recommendation is consistent with the Social Security's POMS §§ GNO3106.095 and GNO03106.090, because he recommended that Mayer file a disability application regarding the period after December 3, 1999, while Application #2, which dealt with the period between November 7, 1997, and December 2, 1999, was pending before the court. AR at 669. Therefore, Mayer amended her disability onset date for the purposes of complying with Social Security Administration regulations rather than as an admission as to when her disability began. See 2007 U.S. Dis. LEXIS 16992 at *6.[3]

The procedural history of this claim demonstrates that Mayer alleged that she was disabled prior to submitting Application #3 and that she was not claiming that her actual disability began on December 3, 1999. For these reasons, the ALJ's dismissal of Mayer's claim was incorrect because she amended her onset date to comply with Social Security Administration's internal regulations, not as an admission that her disability onset on December 3, 1999.

---

on the December 2, 1999, denial for Application #2. Stipulation, Docket 12-2 at 5.

[3]Furthermore, Ms. Mayer's position is stronger than the position of the claimant in Dilallo because Ms. Mayer amended her onset date at the request of a Social Security employee rather than in response to the findings of her "objective medical evidence." See 2007 U.S. Dis. LEXIS 16992 at *5-6 (finding claimant amended her disability onset date to comport with the objective medical evidence).

13

## II. Permissible Reasons for Dismissal

In his May 19, 2006, dismissal, the ALJ found that Mayer had admitted to having no disability prior to December 3, 1999, and accordingly dismissed the case because there was no case or controversy before him. AR at 524. Mayer contends that the ALJ violated Social Security Regulations by dismissing her request for a hearing based on a reason not specifically allowed by federal Social Security regulations.

The Social Security Administration Title 20 provides that an ALJ may dismiss a request for a hearing under any of the following conditions: (1) the parties requesting the hearing ask to withdraw the request in writing or orally at the hearing; (2) neither the claimant nor the claimant's representative appear for the hearing at the time and place without good cause or within 10 days of notice from the administrative law judge; (3) the administrative law judge finds cause to dismiss or refuses to consider the issues because the doctrine of *res judicata* applies; (4) the claimant has no right to request a hearing based on § 404.930 of the Social Security Act; (5) the claimant did not request a hearing within the appropriate time period; or (6) the claimant dies and there is no information to show that another person may be adversely affected by the determination that was to be reviewed at the hearing. 20 C.F.R. § 404.937. The federal regulations further provide that a claimant may request

a hearing before an ALJ if the Social Security Administration has reconsidered its determination. 20 C.F.R. § 404.930.

None of the facts that allow a case to be dismissed by the administrative law judge exist regarding Mayer's case, and the dismissal was therefore in error. The record indicates that neither Mayer nor her attorney withdrew any request for the hearing, the dismissal occurred three days before the scheduled hearing, and the administrative judge did not cite the doctrine of *res judicata* in his dismissal. AR at 523-24. Mayer had a right to request a hearing based upon the 2003 remand of the district court. AR at 547. The ALJ made no suggestion in his dismissal that Mayer failed to request a hearing within the necessary time period, and the court is unaware of any facts suggesting that Mayer has died. Therefore, the court finds that the ALJ dismissed this case for reasons other than those allowed under the Social Security Administration regulation stated in 20 C.F.R. § 404.930 and, therefore, dismissal was improper.

## IV.     Award of Benefits

Mayer asks this court to award her immediate benefits because of the error above. But no additional evidence pertaining to Mayer's health condition has been submitted for review since the 2003 remand from this court. The questions of fact regarding Mayer's condition required a remand in 2003, and the court cannot decide today what it declined to decide in 2003. The

conflicting medical evidence and issues raised in the previous remand indicate that the proper remedy is remand for administrative proceedings to afford the ALJ the opportunity to properly consider the credibility of the medical evidence.  See, e.g., Reed v. Barnhart, 399 F.3d 917, 924 (8th Cir. 2005)(case remanded to Commissioner when improper weight given to claimant's treating physician by the ALJ); Chitwood v. Bowen, 788 F.2d 1376, 1378 (8th Cir. 1985) (case remanded so ALJ could give appropriate weight to the medical evidence and determine applicant's residual functional capacity). Thus, after a review of the record, this court finds that the decision of the Commissioner is not supported by substantial evidence in the record, and the decision of the Commissioner is reversed.

## CONCLUSION

For the reasons stated above, this court finds that the ALJ erred in dismissing Mayer's case, and the issues requiring evaluation based on the court's 2003 remand remain unresolved.  The Commissioner's decision to deny benefits is not supported by substantial evidence, and consequently is erroneous as a matter of law. This matter is once again remanded for further proceedings consistent with this opinion and in accordance with this court's 2003 remand.

Accordingly, it is hereby

ORDERED that the plaintiff's motion for reversal is granted, and this matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and for further hearings consistent with this opinion.

Dated July 7, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE